UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES EDWARD GEARHEART JR.,<br><br>Defendant. | Case No. 6:23-mj-00006-HBK-1<br><br>ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING<br><br>(Doc. No. 8) |

Pending before the Court is Defendant Charles Edward Gearheart Jr.'s ("Defendant" or "Gearheart") request for an evidentiary hearing, incorporated within his Motion to Suppress, filed on September 25, 2023.  (Doc. No. 8).  The United States contends that no hearing is necessary and submitted an Opposition and Supplemental Filing in Opposition to Defendant's request for an evidentiary hearing.  (Doc. No. 17 at 25 n. 17; Doc. No. 25).  Gearheart submitted a response to the Government's Supplemental Filing.  (Doc. No. 27).  At a hearing on January 10, 2024, the Parties deferred to the Court's determination whether the National Park Service rangers' body worn camera recordings raised a contested issue of fact warranting an evidentiary hearing.  For the reasons set forth below, the Court will grant Defendant's request in part and set this matter for an evidentiary hearing.

**LEGAL STANDARD**

"An evidentiary hearing on a motion to suppress ordinarily is required if the moving

1 papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to
2 conclude that contested issues of fact going to the validity of the search are in issue." *United*
3 *States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (citations omitted).  "Whether an evidentiary
4 hearing is appropriate rests in the reasoned discretion of the district court."  *Id*; *see United States*
5 *v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (a district court's decision not to hold an evidentiary
6 hearing on a motion to suppress is reviewed for abuse of discretion).

## DISCUSSION

In his Motion to Suppress, Gearheart "respectfully requests an evidentiary hearing on the issues raised in this motion" without specifying any contested issues of fact going to the validity of the search. (Doc. No. 8 at 2). The Government, in a footnote to its Opposition, stated its position that a hearing is not necessary given that there are no "material disputes," and that any "minor disagreements as to facts" concerning the timing of events can be verified through review of the body worn camera footage. (Doc. No. 17 at 25 n. 17). The Government filed a Supplemental Filing in Opposition to Gearheart's request for an evidentiary hearing. (Doc. No. 25). The Government attaches a 25-page exhibit in which it compares the factual assertions contained in the parties' briefing on the Motion to Suppress and concludes there are no contested issues of fact requiring an evidentiary hearing. (*See generally id*.).  In a Response, Gearheart first asserts that the Government's supplemental filing is an improper sur-reply that was not authorized by the Court. (Doc. No. 28 at 2). Next, assuming the Court does not strike the Supplemental Filing, Gearheart contends there is a single contested factual issue warranting an evidentiary hearing: "Whether the pipe that Ranger Dell Isola saw when Mr. Gearheart exited his van smelled of marijuana or tobacco." (*Id*.).

In its Supplemental Filing, the Government contends the smell of the pipe does not present a contested issue of fact, arguing "there is no inherent conflict between" Ranger Dell Isola smelling tobacco on the water pipe and three other Rangers smelling burnt marijuana on the pipe, given that the pipe may have been used for both purposes or that Dell Isola may have simply made a mistake. (Doc. No. 25 at 4).  However, there is an obvious and material discrepancy in the observations of the different Rangers who smelled the pipe, and whether the Court credits the

assessment of Ranger Dell Isola or that of the other rangers is critical to determining whether there was probable cause for the ensuing search. Thus, the Court finds there is a "contested issue of fact going to the validity of the search" of Mr. Gearheart's vehicle. *Walczak*, 783 F.2d at 857.

The Court will therefore order an evidentiary hearing limited to testimony from Ranger Dell Isola and Ranger Blade concerning their observations on June 12, 2023 regarding the smell of Defendant Gearheart's water pipe and their relevant training and experience. The hearing shall last no more than 1.5 hours.

Accordingly, it is hereby **ORDERED**:

1. Defendant's request for an evidentiary hearing, incorporated within his Motion to Suppress (Doc. No. 8) is GRANTED.
2. The evidentiary hearing in this matter is set for Tuesday, June 4 at 10:00 AM before the undersigned Magistrate Judge at the Yosemite Federal District Courthouse.
3. Witnesses are to be present and ready to be called to the stand at that time.

Dated:  May 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE