UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES E. GEARHEART,<br><br>　　　　　Defendant. | Case No. 6:23-mj-00006-HBK-1<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR TRAVEL ASSISTANCE<br><br>(Doc. No. 35) |

Pending before the Court is Defendant's Request for Travel Assistance, filed pursuant to 18 U.S.C.§ 4285 on July 9, 2024, seeking reimbursement for his travel costs to the Yosemite Courthouse to attend a July 10, 2024 evidentiary hearing on his Motion to Suppress.[1] (Doc. No. 35). Defendant attaches to his request a declaration attesting to his indigency. (Doc. No. 35-1). For the reasons set forth below, the Court denies Defendant's Request.

**BACKGROUND**

On June 13, 2023, Defendant was charged in a three-count Criminal Complaint of:
(1) camping outside of designated sites or areas in violation of 36 CFR § 2.10(b)(10), (2) carrying or possessing a loaded weapon in a motor vehicle in violation of 36 CFR § 2.4(c), and

---

[1] While Defendant's attached Declaration requests financial assistance in "making it to trial," the Motion states that Defendant seeks assistance in attending the July 10, 2024 evidentiary hearing. (*See* Doc. Nos. 35, 35-1).

(3) possessing a controlled substance in violation of 36 CFR § 2.35(b)(2). (Doc. No. 1 at 1). At his initial appearance before this court on June 13, 2023, Defendant entered a not guilty plea, and this Court granted a Rule 43 waiver for non-dispositive hearings. (*Id*.). (Doc. No. 2). On September 25, 2023, Defendant filed a motion to suppress evidence and requested an evidentiary hearing. (Doc. No. 8). On May 7, 2024, the Court granted in part Defendant's request for an evidentiary hearing. (Doc. No. 29). The Court's May 7, 2024 Order did not mandate the Defendant's appearance and was "limited to testimony from Ranger Dell Isola and Ranger Blade concerning their observations on June 12, 2023 regarding the smell of Defendant Gearheart's water pipe." (Doc. No. 29).[2] Defendant filed the instant motion on July 9, 2024—the eve of the hearing—and before the Court could rule on the Motion, he attended the July 10, 2024 evidentiary hearing without any financial assistance from the Court.

**DISCUSSION**

Section 4285 of title 18 of the United States Code provides:

> Any judge or magistrate of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of non-custodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 7502(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285. Whether to order payment for transportation for an indigent defendant is within a court's discretion. *U.S. v. Forest*, 597 F.Supp.2d 163, 165 (D. Me. Feb. 12, 2009) (citing

---

[2] The Court later granted the Government's Motion for Partial Reconsideration of its Order Setting the Evidentiary Hearing and permitted the Government to call one additional Ranger at the hearing. (*See* Doc. Nos. 32, 34).

18 U.S.C. § 4285). "The fact that a defendant may be indigent for purposes of appointment of counsel . . . is a different standard" than indigency for reimbursement of transportation. *Forest*, 597 F.Supp.2d at 165. 18 U.S.C. § 4285 "places the onus on the defendant to demonstrate that [he] 'is financially unable to provide the necessary transportation.'" *Id*. (quoting 18 U.S.C. § 4285). This burden is a heavy one and requires the court to conduct an "appropriate inquiry" into the defendant's financial condition. 18 U.S.C. § 4285; *U.S. v. Mouzon*, 2014 WL 1303708, at *2 (M.D. Pa. Mar. 31, 2014). The statute cited in Defendant's request applies only "where [a defendant's] appearance is required" before the court. 18 U.S.C. § 4285.

### 1. Defendant's Financial Ability to Afford Transportation

In the Declaration attached to his Motion, Defendant here states that he is "financially stressed" and "financially recovering from [his] van and trailer being stolen," physically recovering from injuries resulting from being "mugged," and unable to check his bank information because of "some kind of 'cyber-attack.'" (Doc. No. 35-1 at 1). Defendant is "struggling for necessities" and to "make ends meet" because of loan payments on his "brand new 2024 trailer," a personal loan, medical costs, dental costs, vehicle maintenance, food and clothing costs, and credit card debt. (*Id*.). Defendant notes that he is employed and has working transportation but that he is "nervous to enter the Valley with my van or at all and plan on taking the bus which is $44 one way." (*Id*.). Defendant's Motion acknowledges that he "does not have proper registration [on his van] and [driving into the Valley] would open him up to the possibility of additional federal law violations." (Doc. No. 35 at 1). Thus, Defendant's need for funds for a bus ticket are due at least in part to his failure to properly register his van.[3] Further, Defendant has not demonstrated that he is "financially unable" to afford transportation, only that it would strain his finances and that he will have to put any expenses on a credit card. (*See* Doc. No. 35-1 at 1). Given that the statute requires a defendant to demonstrate he is "financially unable" to afford transportation to a required court appearance, the Court is not persuaded that Defendant qualifies for assistance under 18 U.S.C § 4285. Indeed, the fact that Defendant paid for his own

---

[3] The Motion does not specify whether Defendant's failure to properly register his van is also due to financial hardship.

1   travel to the Yosemite Courthouse on July 10, 2024 tends to suggest that he was not financially
2   unable to do so.

### 2.  Whether Defendant's Presence at the Evidentiary Hearing Was "Required"

Second, Defendant has not made a showing that his attendance was required at the evidentiary hearing, such that Section 4285 applies.  In granting in part Defendant's request for the evidentiary hearing, the Court did not explicitly require Defendant's appearance.  (*See* Doc. No. 29).  Instead, the Court previously granted Defendant's Rule 43 waiver, permitting him to be absent from non-dispositive hearings such as an evidentiary hearing.  Nor is an evidentiary hearing a proceeding that Rule 43 states requires the presence of the defendant.[4]

Finally, Defendant has made no showing that a fair evidentiary hearing could not be held without his presence.  "Due process clearly requires that a defendant be allowed to be present to the extent that a fair and just hearing would be thwarted by his absence," where the burden is on the defendant to show the hearing is so crucial as to require his presence.  *Kentucky v. Stincer*, 482 U.S. 730 (1987); *see also Snyder v. Massachusetts,* 291 U.S. 108 (1934) ("[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.").  Defendant has not provided the Court with any reason why his presence was necessary for the evidentiary hearing, or indicated any injustice that would result from his non-attendance.  *See Stincer*, 482 U.S. at 747 (where the defendant "has given no indication that his presence at the [hearing] in this case would have been useful in ensuring a more reliable determination" of the questions at issue in the hearing his presence is not required).  Accordingly, because Defendant has not shown that his presence at the July 10, 2024 hearing was required, either by Court order, under the Federal Rules, or in order to satisfy due process, Defendant fails to establish that Section 4285 warrants the Court's financial assistance.

Because the Court finds that it was not required for Defendant to attend the July 10, 2024 evidentiary hearing in Yosemite, and that Defendant was not financially unable to provide his

---

[4] Rule 43 states that "Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing."

own transportation, the Court declines to exercise its discretion to order the United States Marshal Service to reimburse the Defendant for travel funds incurred.

Accordingly, it is **ORDERED**:

Defendant's Request for Travel Assistance (Doc. No. 35) is DENIED.

Dated: ___July 31, 2024___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE