HEATHER E. WILLIAMS, Bar #122664
Federal Defender
KARA R. OTTERVANGER, Bar #354424
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950
Kara_Ottervanger@fd.org

Attorney for Defendant
CHARLES E. GEARHEART

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES E. GEARHEART,<br><br>Defendant. | Case No. 6:23-mj-06-HBK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 6, 2024<br>Time: 10:00 AM<br>Judge: Hon. Helena Barch-Kuchta |

**TO: PHILLIP TALBERT, UNITED STATES ATTORNEY; CHAN HEE CHU AND JEFFREY SPIVAK, ASSISTANT UNITED STATES ATTORNEYS; BRIANA VOLLMER AND JOHN SEYMER, SUPERVISORY UNITED STATES PARK RANGERS, COUNSEL FOR PLAINTIFF**

PLEASE TAKE NOTICE that on November 6, 2024, at 10:00 a.m., or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Helena Barch-Kuchta, defendant Charles E. Gearheart, through counsel, Assistant Federal Defender Kara R. Ottervanger, will bring on for a hearing the following motion for a bill of particulars.

This motion is made pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Eastern District of California Local Rule 430.1, the Fifth and Sixth Amendments of the United States Constitution, and such other statutory and constitutional rules as may be applicable.

This motion is based upon the instant motion and notice of motion, the accompanying memorandum of points and authorities, the files and records in the above-captioned case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: October 4, 2024

/s/ *Kara R. Ottervanger*
Kara R. Ottervanger
Assistant Federal Defender
Attorneys for Defendant
CHARLES E. GEARHEART

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. BACKGROUND**

Charles Gearheart is charged in a three-count information, filed on October 1, 2024. In pertinent part, COUNT THREE alleges that:

> Defendant herein, on or about June 12, 2023, knowingly gave a false and fictious [sic] report and other false information to an authorized person investigating an accident and violation of law and regulation in Yosemite National Park, in the State and Eastern District of California, in violation of Title 36, Code of Federal Regulations, Section 2.32(a)(3)(i).

[Doc 44].

The procedural posture and facts of this case are well known to this Court. Relevant here, in June of 2023, a criminal complaint charged Mr. Gearheart with: Count 1) camping outside of designated sites or areas in violation of 36 CFR § 2.10(b)(10); Count 2: Carrying or possessing a loaded weapon in a motor vehicle, vessel or other mode of transportation in violation of 36 CFR § 2.45(c)); and Count 3: Possessing a controlled substance – psilocybin mushrooms in violation of 35 CFR § 2.35(b)(2)). [Doc. 1].

Mr. Gearheart was arraigned on June 13, 2024, and released on his own recognizance. [Docs. 2, 4]. The Government was ordered to produce discovery within 14 days. [Docs. 2, 3]. The Government produced initial written discovery on June 15, 2023. The Government produced 5 body-worn camera videos clips on June 15, 2023, another 5 body-worn camera video clips on August 12, 2023, another body-worn camera 5 video clips on September 21, 2023, and another 4 body-worn camera video clips on October 3, 2023. In total, the Government provided over 12 hours of video discovery over the course of several months. On July 11, 2024, the Government produced supplemental written discovery, including a report by a ninth U.S. Park Ranger, Christopher Cassling, dated June 20, 2023. On October 1, 2024, the Government produced supplemental written discovery, including a laboratory testing report dated October 16, 2023.

//

## II. FACTS ALLEGED IN THE INFORMATION

On October 1, 2024, the Government filed a three-count superseding information. [Doc. 44]. The information charges Mr. Gearheart with COUNT ONE: violation of 36 C.F.R. § 2.10(b)(10) – Camping Outside of Designated Sites or Areas; COUNT TWO: violation of 36 C.F.R. § 2.35(b)(2) – Possession of a Controlled Substance [psilocybin]; and COUNT THREE: violation of 36 C.F.R. § 2.32(a)(3)(i) – Knowingly Giving False Information to an Authorized Person. Other than the date of the alleged offenses, no additional information is alleged.

## III. ARGUMENT

### A. Legal Framework

Federal Rule of Criminal Procedure 7(f) provides that the Court may direct the filing of a bill of particulars upon the motion of a defendant.[1] The Ninth Circuit has held that a bill of particulars serves three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citations omitted). A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense. *See* Fed. R. Crim.P. 7(f); *see, e.g., United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (citations omitted).

A bill of particulars "is appropriate where a defendant requires clarification in order to prepare a defense. It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy."

---

[1] In 1966, Rule 7(f) was "amended for the purpose of liberalizing the office of the bill of particulars." *King v. United States*, rule 6, 292 (10th Cir. 1968). The amendment was expressly designed "to encourage a more liberal attitude by the courts towards bills of particulars." Advisory Committee Note, 39 F.R.D. 170 (1966).

*United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (internal quotation marks and citations omitted); *see also United States v. Thevis*, 474 F.Supp. 117, 123 (N.D. Ga. 1979) (purpose of bill "is to more specifically define the charge set forth in the indictment, so that the defendant is apprised of the charges against him with sufficient clarity"); *United States v. Manetti*, 323 F.Supp. 683, 696 (D. Del. 1971) (defendant entitled by way of bill of particulars to know central facts, such as time and place of transactions, underlying charge, to enable him to conduct own investigation).

Courts may also grant a bill of particulars "to avoid needless work in preparing a defense." *United States v. Goldstein*, 56 F.R.D. 52, 54 (D. Del. 1972); *also see United States v. Dolan*, 113 F.Supp. 757, 759 (D. Conn. 1953) ("[bill] may be invoked to save a defendant wholly needless labor in preparing his defense"). In sum, the bill requires the government to particularize the matters charged in the indictment, thus elucidating its theory of prosecution and identifying the ultimate facts necessary. *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

**B. Count Three**

The government has charged Mr. Gearheart in Count Three of the superseding information with knowingly giving "a false and fictious [sic] report and other false information to an authorized person investigating an accident and violation of law and regulation in Yosemite National Park" on or about June 12, 2023. [Doc. 44].

The information gives no indication what this "false and fictious [sic] report and other false information" was, or to whom this information was allegedly given. As this Court is aware, the interaction between Mr. Gearheart and U.S. Park Rangers lasted well over three and a half hours, and involved at least eight law enforcement officers, as well as various EMT personnel.

The vague allegations in Count Three fail to apprise Mr. Gearheart of the specific charge he is facing and create a serious danger he will be surprised at trial. Given the length of the interaction with law enforcement and the number of officials who spoke with Mr. Gearheart, it is impossible to decipher what statement(s) the Government believe was false, or to whom the

statement(s) was made. Additional information is necessary to allow Mr. Gearheart to prepare an effective defense, and to protect against double jeopardy.

### Specific Requests

Mr. Gearheart requests that this Court order the Government to provide him notice of the exact statement(s) he made that allegedly contained "false and fictious [sic] report and other false information." In addition, Mr. Gearheart requests that this Court order the Government to apprise him of what "authorized person" the alleged false statement(s) was made to. Such information is necessary to apprise Mr. Gearheart of the specific charge he is facing; avoid the danger of unfair surprise at trial; prepare an effective defense; and to protect against double jeopardy.

### IV. CONCLUSION

Mr. Gearheart moves this Court to direct the government to file a bill of particulars specifying the information requested in the "Specific Requests" set forth above. Such information is necessary to permit Mr. Gearheart to adequately prepare a defense, avoid or minimize the danger of surprise at the time of trial, and to plead his acquittal or conviction in bar of another prosecution for the same offense.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: October 10, 2024

/s/ *Kara R. Ottervanger*
KARA R. OTTERVANGER
Assistant Federal Defender
Attorneys for the Defendant
CHARLES E. GEARHEART