HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
KARA R. OTTERVANGER, CA Bar # 354424
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561
Kara_Ottervanger@fd.org

Counsel for Defendant
CHARLES GEARHEART

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>CHARLES GEARHEART,<br><br>*Defendant,* | Case No. 6:23-mj-006-HBK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNT TWO; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 17, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Helena M. Barch-Kuchta |

**TO: MICHELE BECKWITH, ACTING UNITED STATES ATTORNEY AND CHAN HEE CHU, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on March 17, 2025, at 10:00 a.m.,[1] or as soon thereafter as this matter can be heard, in the Eastern District of California, before the Honorable Magistrate Judge Helena Barch-Kutcha, defendant Charles Gearheart, through counsel, Assistant Federal Defender Kara R. Ottervanger, will bring on for hearing the following motion to dismiss with prejudice.

//

---

[1] Undersigned acknowledges that the local rules typically require fourteen days of notice before a motion can be heard. Local Rule 430.1(e). Here, this is not possible, as the government only provided the discovery in question on March 3, 2025, thirteen days prior to trial. Undersigned drafted this motion as soon as practicable and advised the government of its intention to file it on March 4, 2025, via email. This Court has the discretion to shorten the time for filing upon a showing of good cause.

# MOTION

Mr. Gearheart, by and through his counsel of record, hereby moves this Court for an order dismissing Count Two of the Second Superseding Information [ECF # 54], charging a violation of 36 C.F.R. § 2.35(b)(2) – Possession of a Controlled Substance, to wit: psilocyn and psilocybin, <u>with prejudice</u>. This motion is made pursuant to Federal Rules of Criminal Procedure 12 and 16, Eastern District of California Local Rule Crim. 430.1, and such other statutory and constitutional rules as may be applicable.

This motion is based upon the instant motion and notice of motion, the accompanying memorandum of points and authorities, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention before or during the hearing on this motion.

Respectfully submitted,

Dated: March 5, 2025                HEATHER E. WILLIAMS
                                    Federal Defender

                                    */s/ Kara R. Ottervanger*
                                    KARA R. OTTERVANGER
                                    Assistant Federal Defender
                                    LISA NDEMBU LUMEYA
                                    Assistant Federal Defender

                                    Counsel for Defendant
                                    CHARLES GEARHEART

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Background

This case has been pending for nearly 21 months. On June 13, 2023, Charles Gearheart was arraigned before the Honorable Magistrate Judge Helena Barch Kuchta. At that time, he entered a not guilty plea to three charges in a complaint, and the government was ordered to produce discovery within fourteen days. [ECF # 2]. Some discovery was produced to the defense on June 15, 2023, but additional discovery trickled in over several months as defense counsel repeatedly followed up with the government regarding missing items. On November 6, 2024, Mr. Gearheart was arraigned on a superseding information [ECF # 44]. He entered a not guilty plea to the three counts, and the government was ordered to provide any additional discovery in their possession within fourteen days. [ECF # 53]. On December 10, 2024, Mr. Gearheart was arraigned on a second superseding information [ECF. # 54]. He entered a not guilty plea to the three counts, and again the government was ordered to provide any additional discovery in their possession within fourteen days. [ECF # 58].

The second superseding information charges Mr. Gearheart with three counts. Relevant here, Count Two charges Mr. Gearheart with a violation of 36 C.F.R. § 2.35(b)(2) – Possession of a Controlled Substance, to wit: psilocyn and psilocybin. [ECF. # 54].

On the afternoon of March 3, 2025, thirteen days before trial, the government produced a four-page chain of custody log. The information contained in this log is directly relevant to Count Two and is not contained in any other discovery provided to the defense.

## II. Argument

Federal Rule of Criminal Procedure 16 grants this Court authority to "enter any . . . order that is just under the circumstances" should a party fail to comply with its discovery obligations. Fed. R. Crim. P. 16(d)(2)(D). Given that discovery was produced within two weeks of trial, and in light of the delayed production more broadly spanning over 20 months, dismissal of Count Two with prejudice is the only just remedy in this matter.

/ /

/ /

**A. The government has disregarded three separate Court orders to provide discovery, and despite repeated efforts to confirm all discovery was produced, defense received additional evidence less than two weeks preceding trial.**

This Court ordered the production of discovery within fourteen days of June 13, 2023. It again ordered the production of any remaining discovery within fourteen days of November 6, 2024. It ordered any remaining discovery for a third time within fourteen days of December 10, 2024. The discovery in question was not produced until March 3, 2025. As demonstrated below, Mr. Gearheart has suffered substantial prejudice resulting from the government's delayed discovery. Not only has the delayed production put the defense in an impossible position of making strategic decisions without all available discovery, but it has also demanded additional time and resources. In the time required to identify missing information and reiterate requests, for example, the defense could have been reviewing the owed discovery and substantively preparing for trial. Such burdens underscore the importance of discovery obligations which, as confirmed by Rule 2 of the Federal Rules of Criminal Procedure, "are to be interpreted to provide for the just determination of every criminal proceeding . . . and to eliminate unjustifiable expense and delay." *United States v. Marsh*, Case No. 1:24-mj-92-HBK (E.D. Cal., November 4, 2024) at ECF # 19 (citing *United States v. W.R. Grace*, 526 F. 3d 499, 510 (9th Cir. 2008) (emphases added in *Marsh*)).

The government has disregarded the defense's request for additional discovery, assuming the position that it had produced everything. As most relevant here, undersigned counsel specifically requested additional discovery pertaining to the processing of the evidence removed from Mr. Gearheart's vehicle, including the item that the government alleges to be psilocybin or psilocin in Count Two. The defense disputes that allegation.

On June 14, 2024, undersigned counsel emailed opposing counsel requesting additional discovery based on a report that had not been produced in discovery to Mr. Gearheart, but that the government had attached to its filing at ECF# 17. After pointing out that the report indicated that "the remainder of the processing the evidence [was handed off] to USPR's [sic] Michael Terry and Ian Rippetoe," undersigned counsel specifically requested, "the reports from either of these rangers documenting the processing of that

evidence" and asked that any discovery regarding the handling of that evidence be produced to the defense. (*See* Exhibit A – Declaration of Kara Ottervanger ¶ 23). The processing of any evidence seized from Mr. Gearheart's vehicle should have included the information documented in the chain of custody log produced on March 3, 2025. Opposing counsel responded by email that same day that he would look into it, but he never followed up with additional information. *Id*.

This June 14, 2024, request followed a string of prior requests by Mr. Gearheart's counsel for discovery that was not timely provided. *See* Exhibit A ¶¶ 7, 10, 15, 18, 20, 22). This latest discovery request, like the others, was aimed at obtaining what appeared to be missing information surrounding the processing of the evidence, including the mushrooms, which would include the chain of custody log that was not produced until this week. Despite this Court's order to provide all discovery within fourteen days of Mr. Gearheart's initial arraignment, the government produced the discovery in an excruciatingly piecemeal fashion over a period of several months, with defense counsel having to expend large amounts of time and energy listing each item that was believed to be missing.

Notwithstanding the three iterations of the charging document, Mr. Gearheart has been charged with violation of 36 C.F.R. § 2.35(b)(2) – Possession of a Controlled Substance, since his arrest of June 13, 2023. The log provided in the afternoon of March 3, 2025—or the information contained therein—appears to have been created no later than June 13, 2023. Although it was marked as printed on March 3, 2025, the information contained in the report was updated no later than January 22, 2024.

The log is titled "Chain of Custody Report" and includes the official logo for both the U.S. Department of the Interior and the National Park Service. For purposes of discovery, the government includes not only the United States Attorney's Office, but also any agencies that investigate the alleged crimes on behalf of the United States. "[T]he scope of the government's obligation under Rule 16(a)(1)(C) should turn on the extent to which the prosecutor has knowledge of and *access* to the documents sought by the defendant in each case." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (emphasis added), citing

*United States v. Robertson,* 634 F. Supp. 1020 (E.D.Cal.1986), *aff'd, 8*15 F.2d 714 (9th Cir.), *cert. denied*, 484 U.S. 912. "The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *Bryan*, 868 F.2d at 1036. This must be especially true in cases in Yosemite National Park where the local rules permit agents of the National Park Service to represent the government in court as the prosecution, as happened in this case through the Yosemite Legal Officer. *See* Local Rule 180(b)(4) (allowing an "officer, agent or employee of a federal agency or department may practice before the Magistrate Judges on criminal matters in this Court, whether or not that officer, agent, or employee is an attorney" if they meet the enumerated criteria).

Despite Mr. Gearheart's repeated requests for *all* evidence; three orders by this Court requiring the government to produce all discovery to Mr. Gearheart; numerous supplemental discovery productions surrounding Count Two; and multiple discissions between undersigned counsel and opposing counsel concerning the chain of custody specifically—the government failed to produce the chain of custody log until thirteen days before trial.

**B. The nature of the relevant discovery and timeframe in which it was produced render dismissal of Count Two with prejudice the only appropriate remedy.**

An appropriate sanction for a failure to comply with a discovery rule rests in the court's sound discretion. *United States v. Ge*e, 695 F.2d 1165, 1168 (9th Cir. 1983). "A dismissal rooted in a failure to obey a discovery order lies within a court's supervisory powers." *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) (citing *United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir.1985); *United States v. Roybal*, 566 F.2d 1109, 1110–11 (9th Cir.1977)). When addressing discovery violations by the government, the court should balance three factors in determining what sanctions are appropriate:

> (1) The reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.

*United States v. Martinez*, 455 F.3d 1127, 1130 (10th Cir.2006) (citing *United States v. Muessig*, 427 F.3d 856, 864 (10th Cir.2005)). All three factors weigh in favor of dismissing Count Two as a sanction for the discovery violation in this case.

The government's high burden in proving Count Two includes proving beyond a reasonable doubt that the evidence seized from Mr. Gearheart's van included an illegal substance, to wit: psilocybin or psilocin. In late 2024, the government produced testing that it claims shows that the mushrooms from Mr. Gearheart's van were tested and contained one or both of those substances. However, even in that belated discovery, the government had not produced any information suggesting that the mushrooms tested were the same as the ones taken from Mr. Gearheart's van. Despite the defense's repeated requests for *all* discovery, and specifically any discovery related to the handling of the evidence seized from Mr. Gearheart's van, the government withheld—or failed to produce—a report shared on March 3, 2025, that purports to include such information. Although the government shared discovery on November 7, 2024, and February 26, 2025, related to the lab testing of material it claims was seized from Mr. Gearheart's van, it failed to produce a chain of custody report at that time. This information was shared following multiple orders by this Court to produce any remaining discovery. [*See* ECF # 53, 58].

Turning to the question of whether a continuance constitutes a feasible remedy, the significance of critical discovery being shared over one year after it could have been produced confirms that a dismissal is the only just remedy. While an untimely discovery production by itself may not warrant dismissal, the conduct here far exceeds missing the fourteen-day deadline set forth in Local Rule 440. Indeed, the government provided the referenced chain of custody log 406 days after the last date of substantive activity discussed therein.

As this Court has recently emphasized, "Rule 2 of the Federal Rules of Criminal procedure instruct[] that the rules [governing discovery violations] 'are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, <u>and to eliminate unjustifiable expense and delay.</u>'" *United States v. Marsh*, Case No. 1:24-mj-92-HBK (E.D. Cal., November 4, 2024) ECF # 19. Unlike a discovery violation

occurring in the initial proceedings of a case, a continuance would be insufficient in this case where the government produced the discovery following months of litigation. Thus, the only appropriate remedy to "eliminate unjustifiable expense and delay[,]" *id.*, here would be a dismissal of Count Two with prejudice.

Dismissal with prejudice is appropriate in cases of "flagrant prosecutorial misconduct" that cause substantial prejudice to the defendant. *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (quoting *United States v. Simpson*, 927 F.2d 1088, 1091 (9th Cir. 1991)); *see also United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988) (holding that a district court may dismiss an indictment if the prosecutorial misconduct was flagrant and caused substantial prejudice to the defendant). While "accidental or merely negligent governmental conduct is insufficient to establish flagrant misbehavior," a prosecutor's "reckless disregard for [his] constitutional obligations" satisfies that standard. *Chapman*, 524 F.3d at 1085. Such recklessness may be inferred from a prosecutor's failure to promptly remedy a discovery violation despite notice of the issue. *See id.* ("We note as particularly relevant the fact that the government received several indications, both before and during trial, that there were problems with its discovery production and yet it did nothing to ensure it had provided full disclosure until the trial court insisted it produce verification of such after numerous complaints from the defense.").

At minimum, such late production constitutes a blatant disregard for orders issued by this Court. In addition, this discovery followed attempts made by the defense to informally resolve the discovery issues. For a period of approximately six months, the defense specifically narrowed in on the missing discovery surrounding the processing of the evidence seized from Mr. Gearheart's van. Despite these attempts, it was not until thirteen days before trial that the government finally provided this discovery.[2] Whether the government failed to request the additional documentation that defense counsel has been requesting since at least December 15, 2023, from its colleagues at the National Park Service, or whether it failed to form its request with enough specificity that the park rangers would know what to search for, such conduct cannot be described as an accident or

---

[2] Notably, this information was shared following the original January 6, 2024, trial date which was postponed 10 weeks pursuant to the government's motion. *See* ECF # 58.

mere negligence. Indeed, this is a case in which the government—while on full notice of a missed deadline—repeatedly chose inaction in lieu of prompt remediation by being nonresponsive to defense counsel's efforts to obtain the missing discovery through informal means. The government exhibited a reckless disregard of its discovery obligations.

It is also important to note that discovery delays in this case are part of a pattern of discovery violations in misdemeanor cases more broadly. *See United States v. Ross*, Case No. 5:22-po-00125-CDB (E.D. Cal. July 19, 2022), ECF No. 9; *United States v. Hardwick-Moses*, Case No. 5:22-po-00062-CDB (E.D. Cal. Aug. 23, 2022), ECF No. 9; *United States v. Wright*, Case No. 5:21-po-00583-SAB-1 (E.D. Cal. Oct. 12, 2022); *United States v. Tyler Marsh*, Case No. 1:24mj-092-HBK (E.D. Cal., November 4, 2024), ECF No. 19; *United States v. Racquel Kidd*, Case No. 6:24-mj-00016-HBK-1 (E.D. Cal.); *United States v. Matthew Pena*, Case No. 6:24-po-00390-HBK-1 (E.D. Cal.).

### C. Conclusion

This Court has made it clear to the United States that it takes discovery violations seriously. In *Marsh*, this Court warned the government "that further discovery violations will not be tolerated" and advised the government "that it would be prudent to implement formal procedures for handling misdemeanor cases to avoid confusion and mismanagement in the future." *Marsh*, Case No. 1:24mj-092-HBK [ECF # 19]. Not only is the government's conduct in this case has been far more egregious than in *Marsh*, but it has also been sustained over a significantly longer period of time despite numerous attempts by Mr. Gearheart's counsel to ensure that all discovery had been produced. Indeed, while the relevant information was available for well over a year, it was not until thirteen days before trial that the government chose to produce it to defense counsel.[3]

//

---

[3] On the afternoon of this filing, and after having received notice of this motion the day before, the government shared additional 70 pages of discovery. At this time, the defense has been unable to fully review the newly shared information. For the reasons articulated herein, the government should not be permitted to rely on this latest discovery production at trial.

The federal government is "the richest, most powerful, and best represented litigant to appear" in this Court. *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (9th Cir. 1987)). Given that, there is no excuse for what occurred in Mr. Gearheart's case.

Mr. Gearheart has waited nearly two years for his day in Court. During this time, and particularly in the last few months, Mr. Gearheart has been under enormous stress awaiting his trial, and granting a continuance at this time would only harm his mental health. Thus, dismissal of Count Two, violation of 36 C.F.R. § 2.35(b)(2) – Possession of a Controlled Substance, to wit: psilocyn and psilocybin, is the only just remedy appropriate in this case.

Respectfully submitted,

Dated:  March 5, 2025,

HEATHER E. WILLIAMS
Federal Defender

*/s/  Kara R. Ottervanger*
KARA R. OTTERVANGER
Assistant Federal Defender
LISA NDEMBU LUMEYA
Assistant Federal Defender

Counsel for Defendant
CHARLES GEARHEART